# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LATARCHA WARE<br><br>    Plaintiff,<br><br>v.<br><br>DIVERSIFIED CONSULTANTS, INC.<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Latarcha Ware ("Latarcha"), is a natural person who resided in Lithonia, Georgia, at all times relevant to this action.

2. Defendant, Diversified Consultants, Inc. ("DCI"), is a Florida Corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. DCI uses the LiveVox dialer system. *See* http://www.dcicollect.com/dci-technology.html.

6. Before DCI began contacting Latarcha, it and Latarcha had no prior business relationship and Latarcha had never provided express consent to DCI to be contacted on his/her cellular telephone.

7. DCI regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of DCI's revenue is debt collection.

9. DCI is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, DCI contacted Latarcha to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Latarcha is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, DCI willingly and knowingly used an automatic telephone dialing system to call Latarcha on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around March 2014, DCI began calling Latarcha on her cellular phone and home phone in connection with the collection of a debt.

15. During the initial conversation, Latarcha told DCI she did not owe the debt.

16. Latarcha advised DCI that one of Latarcha's relatives ("Relative") owed the debt and provided DCI with the contact information for Relative.

17. Latarcha asked DCI to stop calling her at that time.

18. Notwithstanding Latarcha's request, DCI called Latarcha multiple times on her cellular phone and home phone in connection with the collection of the debt.

19. On multiple occasions, DCI has told Latarcha that DCI would contact Relative in connection with the debt.

20. DCI has not contacted Relative in connection with the debt.

21. Latarcha asked DCI to stop calling her on multiple occasions.

22. DCI caused Latarcha emotional distress.

23. DCI attempted to collect a debt from Latarcha.

24. DCI violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

c. Judgment against Defendant for actual damages, statutory damages, punitive damages, and costs and reasonable attorney's fees pursuant to Fla. Stat. § 559.77.

d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,


By: /s/ Charles M. Clapp
One of Plaintiff's Attorneys

Date: July 21, 2014

*Of Counsel*
Charles M. Clapp, Esq.
303 Perimeter Center North
Suite 300
Atlanta, Georgia 30346
Phone:  404-585-0040
charles@lawcmc.com